## O. WICKHAM *v.* CHARLES LEVISTONES et al.—HUNNEVILLE, HILL & Co., Intervenors.

Ships and vessels are classed, by Art. 3256 C. C., among the objects susceptible of mortgage, but this is modified by Art. 3272, which declares that hypothecations of ships and other vessels are made according to the laws and usages of commerce.

The only privileges which exist on vessels, are those which are expressly recognized and enumerated in the Code, Art. 3152. The extreme term of the duration of privileges on steamers, when engaged in making voyages between this port and those of other states, is sixty days.

Where the owner of a vessel makes a contract, by which he stipulates, in consideration of advances to be made by the other party, to give him *the entire management and control of the vessel, with the right and authority, to employ all the officers and crew necessary to navigate it, and to hold the vessel as security until the reimbursement of the whole amount of said advances, &c.—Held :* That such a contract cannot be construed as having the effect of a pledge on the vessel, nor can it be looked upon as creating a privilege on the vessel or its proceeds. Such a claim not being recognized as a privilege in Art. 3204 C. C.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Wolfe & Singleton,* for plaintiff. *Emerson & Huntington,* for intervenors and appellants.

VOORHIES, J. The object of this suit is to distribute between the creditors of the defendant, all of whom claim to be paid by preference on account of their respective privileges, the proceeds of the sale of the steamship Cincinnati, in the hands of *Harris & Morgan,* as garnishees.

The intervenors, *Hunneville, Hill & Co.,* are the only appellants from the judgment of the court below; none of the appellees have filed an answer in this court, praying for its reversal.

The appellants sued the defendant, *Charles Levistones,* for the sum of $940 50, with six per cent. interest thereon from the 1st of October, 1851, for money advanced to supply the steamship Cincinnati, which amount, it is alleged, is secured by mortgage on said vessel in accordance with the laws of the United States, and the usages of admiralty. The defendant on purchasing the vessel, assumed the payment of this claim.

Ships and vessels are classed by the Civil Code, Article 3256, among the objects susceptible of mortgage ; but this is qualified by the Article 3272, which declares that hypothecations of ships and other vessels, are made according to the laws and usages of commerce. In the case of *Malcom* v. *Schooner Henrietta,* 7 L. 490, it was held, that this was a restriction on mortgages of ships to cases in which such hypothecation would be considered as valid by the usages of commerce or the commercial law.

The mortgage set up by the appellants, does not fall under the denomination of any of the different species of hypothecations known in the commercial world. It was given on the steamer Cincinnati, whilst in port, sometime before leaving on a contemplated trip to California ; and its object was to secure the payment of a sum of $1000, advanced by the appellants to the then owners of the vessel. It was stipulated, that if the latter paid or caused to be paid a certain bill of exchange, therein fully described, and payable nine months after date, then the act of mortgage should be void, otherwise to remain in full

force and virtue. Such a mortgage is not recognized by our laws, and conse-  quently cannot be enforced by our tribunals. 7 L. 490 ; 4 Ann. 310.

There was a consent judgment in favor of the appellants against *Levistones*, for the sum of $940 50, with privilege on the steamer and on the proceeds of the sale thereof. The judgment was signed on the 5th of June, 1852, and on the same day, the proceeds of the vessel were attached in the hands of *Harris & Morgan*. The effect of this garnishment was to give the appellants a privilege on the proceeds from its date, unless the debtor had previously become bankrupt. C. P. 722. But it would seem that the vessel had already been levied upon at the suit of *J. C. Shannon* v. *C. Levistones et als*. It is clear that the judgment rendered in that case, and which is classed as a privilege in the name of *G. W. Spratt*, the transferree of the plaintiff *Shannon*, cannot be disturbed at the instance of the appellants.

It is contended, that the item of $2,106 56, for claims paid by *R. B. Sykes*, was erroneously classed as a privileged claim by the court below. *Sykes* is not a party to this suit, but was employed as an auctioneer to sell the steamer Cincinnati. This amount was settled and paid over by *Harris & Morgan*, previous to the service of the garnishment on them ; hence, they can be made responsible as garnishees only for the amount which they then had in hand, subject to the appellants' claim. This item, apparently for the benefit of *Sykes*, was in reality a deduction allowed on the total amount which *Harris & Morgan* had in hand for the defendant, previous to the garnishment.

We think the court below erred, as urged by the appellants, in allowing the respective claims of *Salter & Marcy, R. & J. Watson, H. Seibrecht, J. M. Relf & Co., John Armstrong, F. Evans, Thomas R. Brady*, and the *Crescent Insurance Company*, as privileges. The only privileges which exist on vessels, are those which are expressly recognized and enumerated in the Code. Art. 3152 ; 2 Ann. 602. The extreme term for the duration of privileges on steamers, when engaged in making voyages between this port and those of other States, is sixty days. Prior to the respective oppositions of these creditors, their privileges had already ceased to exist, by the lapse of more than sixty days. Hence, it follows that their claims must yield to that of the appellant.

The plaintiff, *O. Wickham*, whose claim for the sum of $8,744 91, was allowed as a privilege on the residue of the proceeds, asserts a right of pledge under a contract entered into between him and *Levistones*, on the 8th of January, 1852, whereby the latter stipulated, in consideration of sundry advances to be made to him, not exceeding the sum of $6,500, to give to the former the entire management and control of the said steamship, with the right and authority to employ all the officers and crew necessary to run the said vessel for the period of six months, and to hold her as security until the reimbursement of the whole amount of said advances, with eight per cent. per annum interest thereon, from the date of making the same until paid, to be effected at the expiration of the six months, provided the earnings of the steamer should be insufficient to effect that purpose. It was also stipulated that the plaintiff should be entitled to receive, as compensation for his services in managing the business of the steamer, five per cent. commissions on the gross amount of her earnings. The act concludes with the stipulation, that the earnings shall be applied, first, to the payment of the necessary expenses to run the steamer ; secondly, to the reimbursement of the advances to be thus made by the plaintiff; and lastly, the balance, if any, was to be subject to the order of the defendant.

WICKHAM  
*v.*  
LEVISTONES.

It appears to us that such an act cannot be construed as having the effect of a pledge on the steamer; for it could, at the most, secure to the plaintiff only the right to apply her net earnings to the reimbursement of his advances. Nor can it be looked upon as creating a privilege on the vessel or its proceeds, for the claim set up is not one of those recognized as a privilege to which ships are subject under the Code. Art. 3204. It may be true that the advances were made to pay debts due by the steamer, and which were secured by privilege on her; but, if such be the fact, there is no evidence that the plaintiff was legally subrogated to the rights of such creditors. His claim allowed by the court below as a privilege, must therefore yield to that of the appellants.

It is therefore ordered and decreed, that the judgment of the court below be amended in favor of the appellants, *Hunneville, Hill & Co.;* that said appellants, in the distribution of the proceeds of said steamer Cincinnati, be ranked for the whole amount of their claim, as a privilege to be paid in preference to the claims of said appellees, *Salter & Marcy, R. & J. Watson, H. Seibrecht, J. M. Relf & Co., John Armstrong, F. Evans, Thomas R. Brady,* and *Crescent Insurance Company;* the said appellees to pay the costs of this appeal; and that in every other respect said judgment be affirmed.